**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-10016

Non-Argument Calendar

————————————

FRANK E. POLO, SR.,

*Plaintiff-Appellant,*

*versus*

SCOTT M. BERNSTEIN,

in his Personal and Official Capacity, et al.,

*Defendants-Appellees,*

————————————

Appeal from the United States District Court

for the Southern District of Florida

D.C. Docket No. 1:23-cv-21684-RNS

————————————

Before ROSENBAUM, GRANT, and ABUDU, Circuit Judges.

PER CURIAM:

Frank Polo, proceeding pro se, appeals the district court's orders declining to recuse and dismissing his fifth amended

complaint. He argues that he could not receive a fair adjudication from the district court because it repeatedly ruled against him, did not advise him of the relevant law, had affiliations with his political adversaries, and previously worked in the same building as a defendant. And he argues that, contrary to the district court's holding, he did not file a shotgun pleading. Disagreeing on all fronts, we affirm.

## I.

In May 2023, Polo filed a 147-page complaint against thirty defendants, asserting various claims under state and federal law. He challenged (among many other things) state-court custody decisions and his expulsion from St. Thomas University College of Law. After finding the complaint's 747 paragraphs replete with conclusory allegations, the district court struck it as a shotgun pleading and gave him a chance to amend. Polo took that chance, but the court again found his complaint insufficient. So he tried again. The cycle continued until Polo filed his fifth amended complaint.

Polo managed to reduce his fifth amended complaint to forty pages and 280 paragraphs. While his prior complaint had whittled the defendants down to two, this time, he *added* several claims and defendants back in. So the district court dismissed the complaint as a "wholly problematic" shotgun pleading, with no opportunity to amend.

Meanwhile, Polo had moved for the district judge to recuse, claiming that the judge had personal relationships with interested

parties, had ruled against Polo several times, and failed to direct Polo to relevant caselaw.  The district court rejected the motion. Polo appealed.

## II.

The deferential abuse-of-discretion standard applies to a district court's decision to deny a motion to recuse and dismiss a complaint as a shotgun pleading.  *See Jenkins v. Anton*, 922 F.3d 1257, 1271–72 (11th Cir. 2019); *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).

## III.

Polo argues that the district court abused its discretion when it rejected his recusal motion.  A district court judge must recuse when a fully informed, disinterested lay observer would seriously doubt the judge's impartiality.  *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000); *see* 28 U.S.C. § 455.  The alleged grounds for disqualification must rest on more than "unsupported, irrational, or highly tenuous speculation." *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986).

Polo's first two arguments relate to the way the district judge handled his case.  He points to the district judge's repeated rulings against him and failure to direct him to relevant caselaw. But adverse judicial rulings most often form the "proper grounds for appeal, not for recusal." *Liteky v. United States*, 510 U.S. 540, 555 (1994).  And failing to give a pro se litigant legal advice does not show that the judge is biased.  Quite the opposite.  Requiring courts to "advise a *pro se* litigant" about the relevant law "would *undermine*

district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004) (emphasis added). These arguments have no merit.

Polo's next two arguments relate to the district judge's personal connections. He argues that the district judge cannot be impartial because he previously worked as a state-court judge in the same building as one of the defendants. But an allegation that a district judge is merely acquainted with a defendant falls short of demonstrating partiality. *See Parrish v. Bd. of Comm'rs of Ala. State Bar*, 524 F.2d 98, 102 (5th Cir. 1975) (en banc).[1] The same goes for Polo's argument that the district judge had impermissible connections with his "political adversaries." As one example, he flags that then-Senator Marco Rubio recommended that the Senate approve the judge's nomination to the federal bench. But that allegation is "highly tenuous speculation," to say the least. *Greenough*, 782 F.2d at 1558. No reasonable lay person would seriously doubt the district court judge's impartiality on these grounds. *See Christo*, 223 F.3d at 1333. The district court did not abuse its discretion in denying Polo's recusal motion.

## IV.

Polo also challenges the district court's decision to dismiss his complaint as a shotgun pleading. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain

---

[1] This Court adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

statement" that shows that the plaintiff is entitled to relief. And Rule 10(b) requires the plaintiff to state claims in paragraphs "limited as far as practicable to a single set of circumstances." Shotgun pleadings often flout these rules. *See Barmapov*, 986 F.3d at 1324. They commonly present the claims in a confusing manner and are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322 (11th Cir. 2015).

Once a district court classifies a complaint as a shotgun pleading, it must give the litigant a chance to remedy its shortcomings. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). But one chance is generally enough. The district court may dismiss the amended pleading with prejudice if it fails to remedy the errors the court identified. *See id.*; *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018).

The district court did not abuse its discretion in dismissing Polo's fifth amended complaint. Polo had *four* chances to amend his pleading. Each time, the court explained the complaint's deficiencies and how to correct them. Yet Polo repeatedly failed to comply with those instructions. *See Jackson*, 898 F.3d at 1357–59. In fact, the last time around, he *added* several claims and nine new defendants. And he "replicate[d] all the pleading mistakes" the court had repeatedly cautioned against. On this record, we cannot say that the district court abused its discretion in dismissing Polo's fifth amended complaint as a shotgun pleading.

6                    Opinion of the Court                    25-10016

★      ★      ★

We **AFFIRM** the district court's judgment.